In the Matter of the Claim of DANIEL SHEPELOWISCH, Respondent, against JAMES H. BENZING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, October 9, 1931.

*Dickinson S. Talley,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General,* and *John R. O'Hanlon* of counsel], for the respondent State Industrial Board.

*Irwin J. Spielman,* for the claimant, respondent.

PER CURIAM. The employer and carrier appeal from a decision of the Industrial Board allowing interest from May 15, 1929, on a schedule award made on that date for the loss of an eye. On that date the referee made and filed his decision and notice thereof was served by the Board on all parties in interest. On June third following, at the request of the carrier, the case was restored to the calendar for opportunity to cross-examine an eye expert. Hearings were had on the succeeding October eleventh and November twenty-second, and on January 13, 1930, a decision was made by the Board confirming the previous award for the loss of claimant's eye. An appeal was taken to this court from the last-mentioned decision. It was affirmed at the September, 1930, term of court. (230 App. Div. 797.) "The decision of a referee * * * shall be deemed the decision of the Industrial Board from the date of the filing thereof in the Department unless the Industrial Board, on its own motion or on application duly made to it, modify or rescind such decision." (Labor Law, § 19, as amd. by Laws of 1921, chap. 642.) "In case an award is affirmed

upon an appeal to the Appellate Division, the same shall be payable with interest thereon from the date when said award was made by the Board." (Workmen's Comp. Law, § 24.) On May 15, 1929, the decision by the referee became the decision of the Board. It was not thereafter modified or rescinded, but rather confirmed. It was later affirmed by this court, and interest was properly awarded from its date.

The decision of the Board should be affirmed, with costs to the State Industrial Board.

All concur.

Decision affirmed, with costs to the State Industrial Board.